

**IT IS ORDERED as set forth below:**

**Date: August 4, 2026**

_____

**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |  |
|---|---|---|
| **IN RE:** | : | |
| | : | |
| **2024 SIDBURY DEVELOPMENT, LLC** | : | |
| | : | **Case No. 26-57308-PWB** |
| **Debtor.** | : | |
| | : | **Chapter 11** |

### ORDER AND NOTICE OF HEARING ON DEBTOR'S
### AMENDMENT OF PETITION TO ELECT APPLICATION
### OF SUBCHAPTER V AND EXTENSION OF DEADLINES
### FOR STATUS CONFERENCE AND FILING OF PLAN

2024 Sidbury Development, LLC (the "Debtor") filed a petition for relief under Chapter 11 of the Bankruptcy Code on June 2, 2026.  The Debtor did not elect to proceed under Subchapter V of title 11.

The Debtor has now amended the petition to elect to proceed under Subchapter V. Bankruptcy Rule 1020(a) requires that a debtor make the Subchapter V election in the voluntary

petition.  Bankruptcy Rule 1009(a)(1) provides that a debtor may amend a voluntary petition at any time before the case is closed.

Provisions for the subchapter V election were added to Bankruptcy Rule 1020 in 2022.[1] The Advisory Committee Notes to the 2022 Amendment state that Rule 1020, as amended, "does not address whether the court, on a case-by-case basis, may allow a debtor to make an election to proceed under subchapter V after the times specified in [Rule 1020(a)] or, if it can, under what conditions.

In the circumstances of this case, it is appropriate to schedule a hearing to determine whether the Debtor should be permitted to proceed under subchapter V.

If subchapter V is applicable, 11 U.S.C. § 1188(a) requires the court to conduct a status conference within 60 days of the filing of the petition.  That time has expired.  Under § 1188(b), the court may extend the time for the status conference "if the need for an extension is attributable to circumstances for which the debtor should not justly be held accountable."

A subchapter V debtor must file a plan within 90 dayJs after the filing of the plan "except that the court may extend the period if the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable."  11 U.S.C. § 1189(b).  The plan deadline will expire on August 31, 2026.

The Court will address whether to extend these deadlines at the hearing.

It is, therefore, hereby **ORDERED and NOTICE IS HEREBY GIVEN** that the Court will hold a hearing on these matters on **August 27, 2026,** at 1:30 p.m. in Courtroom 1401, U.S. Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia.  Parties in interest other than the Debtor

---

[1] Interim Rule 1020 applied to the election after enactment of Subchapter V in 2019 until promulgation of Bankruptcy Rule 1020.

may participate in the hearing by Zoom in accordance with the instructions below but may not examine witnesses or introduce evidence.

A party may join Judge Bonapfel's Virtual Hearing Room through the link on the Court's website located at https://www.ganb.uscourts.gov/dial-and-virtual-bankruptcy-hearing-information  or the link on Judge Bonapfel's webpage under the tab "Virtual Hearings" which can also be found on the Court's website. Parties and counsel should be prepared to appear at the hearing via video but may leave the camera in the off position until the Court instructs otherwise. Unrepresented persons who do not have video capability may use the telephone dial-in information on the judge's webpage.

Counsel for the Debtor is directed to serve a copy of this Order and Notice to all parties in interest in the case within two business days from the date of its entry and to file a certificate of service with the Court.

**END OF ORDER**

Distribution List

**Brad Fallon**
Fallon Law PC
Suite 2300
1201 W. Peachtree St. NW
Atlanta, GA 30309

3